UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MAINE


Craig A. Brown

    v.                                       Civil No. 11-cv-426-JD

State of Maine, et al.


O R D E R

The City of Camden's motion for sanctions against Craig A. Brown was granted on November 8, 2012.  As directed in the order, Camden has filed a motion for attorneys' fees and expenses incurred in defending Camden against Brown's frivolous claims. Brown did not respond to the motion for fees and expenses.

An award of reasonable attorneys' fees is typically calculated by the lodestar method in which the court multiplies the hours productively spent by a reasonable hourly rate. Spooner v. EEN, Inc., 644 F.3d 62, 67-68 (1st Cir. 2011); Galanis v. Szulik, 2012 WL 2500630, at *1-*2 (D. Mass. June 26, 2012). The party seeking a fee award bears the burden of producing materials to support the request.  Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 13 (1st Cir. 2011).  "Appropriate supporting documentation includes counsel's contemporaneous time and billing records and information establishing the usual and customary rates in the marketplace for comparably credentialed counsel." Spooner, 644 F.3d at 68.

Camden requests an award of $2,204.74 for fees and expenses incurred in defending against Brown's frivolous claims. In support, Camden provided counsel's billing records for the time spent and the affidavit of its counsel, Frederick F. Costlow. Costlow states in his affidavit that he is an attorney licensed to practice in Maine, that he spent a total of 15.1 hours and .4 hours of paralegal time was spent on behalf of Camden in this case, and that "[t]hese charges and the time allotted are fair and reasonable and in accordance with customary fees charged in this jurisdiction."

Costlow did not disclose his hourly rate or the hourly rate charged for the paralegal time. He also did not provide information about his qualifications other than that he is licensed to practice in Maine.

"'Reasonable hourly rates will vary depending on the nature of the work, the locality in which it is performed, the qualifications of the lawyers, and other criteria.'" Hutchinson, 636 F.3d at 16 (quoting One Star Class Sloop Sailboat, 546 F.3d at 38). Camden bears the burden of providing sufficient information to support its request for fees and expenses. In the absence of information about the hourly rate charged by counsel, Camden has not met its burden.

<u>Conclusion</u>

For the foregoing reasons, Camden's motion for an award of attorneys' fees and expenses (document no. 84) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge
(Sitting by designation.)

December 10, 2012

cc: Craig Brown, pro se
    Ronald W. Lupton, Esquire
    Evan J. Roth, Esquire
    Frederick F. Costlow, Esquire
    James M. Bowie, Esquire